IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TABITHA HAYDEN, as personal representative, ) <br> of BRIAN HAYDEN, ) <br>              Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br>              Defendant. ) | 15-CV-133-JHP |

**DEFENDANT, UNITED STATES OF AMERICA'S**
**UNOPPOSED MOTION TO PROCEED WITH LIMITED SETTLEMENT AUTHORITY**

**COMES NOW** the Defendant, United States of America, by and through Mark F. Green, United States Attorney for the Eastern District of Oklahoma, and Susan Stidham Brandon and Michael J. Cooper, Assistant United States Attorneys, and requests the Court allow the United States to proceed with a representative at the Settlement Conference with limited authority. In support of the Motion, the United States would show the Court as follows:

Pursuant to 28 U.S.C. §§ 516-519, the Attorney General of the United States is vested with the power to conduct all litigation on behalf of the United States, its agencies, and its officers, unless otherwise provided by law. Under 28 U.S.C. § 2677, the Attorney General has the authority to settle any Federal Tort Claims Act claim. That authority has been delegated to the Deputy Attorney General and the Associate Attorney General. 28 C.F.R. §0.161(b). Settlement authority in an amount not to exceed two million dollars has been delegated to the Assistant Attorneys General who head the litigating divisions of the Department of Justice. 28 C.F.R. §0.160(a). The United States Attorneys, as well as other persons with delegated authority, have the authority to reject settlement demands in any amount and to settle claims in amounts not exceeding $1,000,000. *Id.*; Directive No. 14-95, 28 C.F.R. Pt. 0, Subpt. Y, App.

In order to pay the amount demanded by Plaintiff, the Deputy Attorney General or the Associate Attorney General of the Department of Justice must personally approve the settlement. However, given the large number of FTCA cases litigated across the country each year and the many demands upon the time of the Deputy Attorney General and the Associate Attorney General, it is not practical for these officials to attend settlement conferences in person. Rather, it is standard practice in FTCA cases where a Plaintiff's settlement demand exceeds the authority of the United States Attorneys for the settlement conference to be attended by the Assistant United States Attorney responsible for litigating the case. In this case, an agency representative for the Department of the Interior will also attend the Settlement Conference.

The United States Attorney's Office may then settle the case for $1,000,000 or any amount above that; however, acceptance of any settlement above $1,000,000 is subject to the approval of the Assistant Attorney General or the Associate Attorney General. In such an event, the United States Attorney for the Eastern District of Oklahoma would present a settlement recommendation through the proper channels in Washington, D.C. for ultimate approval.[1] The United States respectfully requests that it be permitted to follow this procedure here and proceed with the undersigned Assistant United States Attorney as the settlement representative in this case. A representative from the Department of Justice, Torts Branch, will be provided with a

---

[1] This practice is consistent with Federal Rule of Civil Procedure 16 and the Judicial Improvements Act of 1990. *See* Fed. R. Civ. P. 16, Notes of the Advisory Committee to 1993 Amendments ("Particularly in litigation in which governmental agencies or large amounts of money are involved, there may be no one with on-the-spot settlement authority, and the most that should be expected is access to a person who would have a major role in submitting a recommendation to the body or board with ultimate decision-making responsibility."); S. Rep. No. 101-416, 2d Sess. 58 (1990), reprinted in 1990 U.S.C.C.A.N. 6802, 6848 ("those district courts that choose to adopt [a settlement authority requirement] should account for the unique situation of the Department of Justice. The Department does not delegate broad settlement authority to all trial counsel, but instead reserves that authority to senior officials in the United States Attorneys' Offices or in the litigating divisions in Washington. Clearly, the Department cannot realistically send officials with full settlement authority to each settlement conference.")

settlement recommendation in the event a tentative agreement of more than $1,000,000 is reached at the Settlement Conference, which will be submitted for approval to the appropriate Department of Justice official.

Counsel for the defendant and counsel for plaintiff have discussed this motion and counsel for plaintiff has stated that he does not object to this motion.

**WHEREFORE**, for the reasons set forth above, the United States of America requests that it be allowed to proceed at the Settlement Conference with Michael J. Cooper, Assistant United States Attorney, representing the United States.

>Respectfully submitted,
>
>MARK F. GREEN
>United States Attorney
>
>s/ Michael J. Cooper
>Susan Stidham Brandon, OBA #12501
>Michael J. Cooper, OBA #22531
>Assistant United States Attorney
>520 Denison Avenue
>Muskogee OK 74401
>918-684-5113
>918-684-5130 - fax
>Michael.Cooper3@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on January 13, 2016, I electronically filed the foregoing with the Clerk of Court using the ECF System. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants: Rex Travis, email: rextravis@travislawoffice.com, Paul Kouri, email: paulkouri@travislawoffice.com Attorneys for Plaintiff.

Further, Chris Jones will not receive a Notice of Electronic Filing, therefore a true and correct copy was mailed to him this same date to: Jones Law, PC, 13 N. 3rd Ave., Durant, OK 74701.

>s/ Michael J. Cooper
>Michael J. Cooper
>Assistant U.S. Attorney