## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **(1)TABITHA HAYDEN, as personal** | ) | |
| **representative of BRIAN HAYDEN,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **15-CV-133-JHP** |
| | ) | |
| **(2)UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

## PRETRIAL ORDER

Following pretrial conference held before the court, on the 14th day of April, 2016 at 2:00 p.m.

IT IS SO **ORDERED:**

Appearing for Plaintiff:
Rex Travis, OBA #9081
Paul Kouri, OBA # 20751
Chris Jones, OBA # 21247
Jacob Masters, OBA # 32456

Appearing for Defendant:
Susan S. Brandon, OBA #12501
Michael J. Cooper, OBA #22531

I.       This is an action for: Negligence arising from a collision between a Choctaw Nation Tribal Police cruiser driven by Tribal Officer Josiah Moore and a pickup truck driven by Choctaw County Sheriff's Deputy Brian Hayden on the evening of April 19, 2012. Both Moore and Hayden were responding to a call for assistance from another Deputy. The collision resulted in the death of Brian Hayden. Plaintiff is the Personal Representative of the Estate of Brian Hayden and Defendant is the United States of America. The United States asserts the following factual affirmative defenses: 1) the death of Brian Hayden was not proximately caused by Josiah Moore; 2) the actions of Brian Hayden caused or contributed to the injuries and damages alleged by Plaintiff.

II.      Remedies:

Damages:
- Grief, and loss of love, companionship, and support, of Tabitha Hayden, in an amount to be determined by the trier of fact;

- Loss of Brian Hayden's future income, $961,360;
- Funeral expenses, $10,762;
- Grief and loss of love, companionship and support for Jessica L. Hayden, Andrew J. Hayden, Holly J. Hayden, and James E. Hayden, in an amount to be determined by the trier of fact.

III.     Federal jurisdiction is invoked pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§1346(b), 2671-2680.

IV.      The following facts, and issues of law, are admitted and require no proof:

A)      Plaintiff is a citizen of Oklahoma.

B)      Defendant is the United States of America.

C)      On April 19, 2012, a police vehicle driven by Choctaw Nation Tribal Police Officer Josiah Moore collided with a truck driven by Choctaw County Sherriff's Deputy Brian Hayden.

D)      The collision between Officer Moore and Deputy Hayden occurred on U.S. Highway 70 near the intersection with County Road 4080.

E)      Deputy Hayden died as a result of the collision with Officer's Moore's vehicle.

F)      At the time of his death Deputy Hayden was married to Plaintiff Tabitha Hayden.

G)      At the time of the collision with Hayden's vehicle, Josiah Moore was acting within the scope of his employment as a tribal police officer and pursuant to a self-governance compact between the United States of America and the Choctaw Nation of Oklahoma.

H)      Under the Indian Self-Determination and Education Assistance Act and the Federal Tort Claims Act, the United States of America is the proper defendant in this lawsuit.

I)      The "names" of the audio recording files produced by the Choctaw County/Hugo City Communications Center are "time stamps" that indicate the time that the phone calls began on a 24 hour clock (military time), according to the computer system that created the files. The times indicated are approximately one hour ahead of the then correct time.

J)      The audio recordings produced by the Choctaw County/Hugo City Communications Center are authentic.

2

K)      Sunset occurred at 7:56 PM and Civil Twilight ended at 8:22 PM in Hugo, Oklahoma on April 19, 2012.

L)      The collision between Officer Moore and Deputy Hayden occurred prior to the end of Civil Twilight.

M)      There is no evidence to determine whether Deputy Hayden experienced conscious pain and suffering.

N)      Choctaw County Dispatcher Francis "Benny" Irvin is deceased.

O)      Brian Hayden was hired as a Choctaw County Sheriff's Deputy on December 29, 2011.

P)      Brian Hayden was receiving a monthly gross salary from the Sheriff's Department of $2,150.00 at the time of his death.

Q)      As a result of Brian Hayden's death, Tabitha Hayden received a Worker's Compensation lump sum death benefit of $100,000.00.

R)      As a result of Brian Hayden's death, Tabitha Hayden received Worker's Compensation continuing benefits of $347.31 per week until June 20, 2014.

S)      As a result of Brian Hayden's death, Tabitha Hayden received a Workers' Compensation lump sum death benefit of $30,980.06 upon remarriage.

T)      As a result of Brian Hayden's death, Jessica Lee Hayden, Andrew Jacob Hayden, Holly Jo Hayden and James Edward Hayden each received a Workers' Compensation lump sum death benefit of $12,500.

U)      As a result of Brian Hayden's death, Jessica Lee Hayden, Andrew Jacob Hayden, Holly Jo Hayden and James Edward Hayden each received or are receiving Workers' Compensation continuing benefits in the amounts identified by the Oklahoma Workers' Compensation Court Order Nunc Pro Tunc (filed on October 26, 2012) and Order Terminating Surviving Spouse Benefits and Modifying Children Benefits (filed on September 10, 2014).

V.      The reservations as to the facts recited in Paragraph IV are as follows:(Here set forth any objection reserved by any party as to the admissibility in evidence of any issue of fact as provided by Rule 36(b) of the Federal Rules of Civil Procedure.

(1) With regard to facts Q, R, S, T, and U, Plaintiff makes the following reservation: Plaintiff objects that facts involving compensation Tabitha Hayden and the family received after Brian Hayden's death are irrelevant, because in an action for damages arising from wrongful death the damages are fixed at the time of the decedent's death, as the Oklahoma Supreme Court held in *Kimery v. Public Service Co.* of

3

Okla., 1977 OK 60, 562 P.2d 858.

(2) With regard to fact S, Plaintiff makes the following reservation: The remarriage of the spouse of a decedent is irrelevant and inadmissible, as the Oklahoma Supreme Court held in *Kimery v. Public Service Co.* of Okla., 1977 OK 60, 562 P.2d 858.

VI.        The following facts, though not admitted, are not to be contested at the trial by evidence to the contrary: (Here list each.)

VII.       The parties agree the following issues of fact, and no others, remain to be litigated upon the trial:  (Here specify each; a mere general statement will not suffice.)

Facts to be litigated:

(1) Whether Deputy King's call for assistance involved an emergency or not.

(2) Whether Josiah Moore knew the call for assistance did not involve an emergency.

(3) Whether Josiah Moore was told by Brian Hayden that the call for assistance did not involve an emergency.

(4) Whether Josiah Moore was told by Jody King that the call for assistance did not involve an emergency.

(5) Who in the Choctaw County Communications Center commented that the incident involved in the call for assistance sounded "like a real hoot," or similar words.

(6) Josiah Moore's speed as he responded to the call for assistance.

(7) Josiah Moore's speed at the time he saw Hayden's vehicle begin to turn.

(8) Josiah Moore's speed at the time of the collision between his vehicle and Hayden's vehicle.

(9) Whether the Choctaw Nation failed to train Josiah Moore.[1]

(10) Whether Josiah Moore violated Choctaw Nation Tribal Police vehicle and emergency driving policies.

(11) Whether the cause of the collision was the failure of Brian Hayden to yield to oncoming traffic.

(12) Whether Choctaw County Emergency Dispatcher Francis "Benny" Irvin caused or contributed to the collision by providing inaccurate information to Brian Hayden.

(13) Whether the cause of the collision was Josiah Moore's driving into Brian Hayden's truck, rather than behind it.

(14) Whether the cause of the collision was excessive speed on the part of Josiah Moore.

(15) Whether the cause of the collision was failure to communicate on the part of Josiah Moore.

(16) Amount of damages suffered by Brian Hayden's wife and children.

(17) Whether Josiah Moore's failure to listen to his police radio was the cause of the

---

[1] Defendant does not agree this issue remains to be litigated at trial.  Plaintiff never asserted the United States, through the Choctaw Nation, was independently negligent for the collision in her Administrative Claim. Plaintiff also never asserted an independent cause of action for the alleged failure to train in the Complaint. Therefore, Plaintiff lacks subject matter jurisdiction for the failure to train cause of action.

collision or contributed to the collision.

VIII.    This section shall include a separate exhibit list for each party.

Plaintiff's Exhibit List:

| No. | Exhibit | Objection |
|-----|---------|-----------|
| 1. | Brian Hayden Death Certificate | |
| 2. | Choctaw County emergency call logs relating to the collision and the incident to which Officer Moore and Deputy Hayden were responding | |
| 3. | Training records for Josiah Moore | Duty to train is not at issue and irrelevant under FRE 401-403; Prejudicial/Confusion of the issues, FRE 402-403 |
| 4. | Training records for Brian Hayden | |
| 5. | Choctaw Nation Police Vehicle Operations policy, Section 800 | |
| 6. | Choctaw County Sheriff policy, section entitled "Emergency and Pursuit Operations" (original lacks section numbers) | Irrelevant, FRE 401-403; lack of foundation; Hearsay, FRE 802 |
| 7. | Incident Report by Deputy Jody King | Irrelevant/Confusion of the issues, FRE 401-403 |
| 8. | Choctaw County Communications Center Audio File 174605da | Irrelevant/Confusion of the issues, FRE 401-403 |
| 9. | Choctaw County Communications Center Audio File 201053da | Irrelevant/Confusion of the issues, FRE 401-403 |
| 10. | Choctaw County Communications Center Audio File 201151da | Irrelevant/Confusion of the issues, FRE 401-403 |
| 11. | Choctaw County Communications Center Audio File 201445da | Irrelevant/Confusion of the issues, FRE 401-403 |
| 12. | Choctaw County Communications Center Audio File 201923da | Irrelevant/Confusion of the issues, FRE 401-403 |
| 13. | Choctaw County Communications Center Audio File 202002da | Irrelevant/Confusion of the issues, FRE 401-403 |
| 14. | Choctaw County Communications Center Audio File 202243da | Irrelevant/Confusion of the issues, FRE 401-403 |
| 15. | Choctaw County Communications Center Audio File 202251da | Irrelevant/Confusion of the issues, FRE 401-403 |
| 16. | Choctaw County Communications Center Audio File 202450da | Irrelevant/Confusion of the issues, FRE 401-403 |
| 17. | Choctaw County Communications Center Audio File 202601da | Irrelevant/Confusion of the issues, FRE 401-403 |
| 18. | Choctaw County Communications Center Audio File 202655da | Irrelevant/Confusion of the issues, FRE 401-403 |
| 19. | Choctaw County Communications Center Audio File 202744da | Irrelevant/Confusion of the issues, FRE 401-403 |

| 20. | Choctaw County Communications Center Audio File 202807da | Irrelevant/Confusion of the issues, FRE 401-403 |
|---|---|---|
| 21. | Choctaw County Communications Center Audio File 213204da | Irrelevant/Confusion of the issues, FRE 401-403 |
| 22. | Choctaw County Communications Center Audio File 213757da | |
| 23. | Choctaw County Communications Center Audio File 222757da | |
| 24. | Photograph by Jim Jackson & Associates No. 1 | |
| 25. | Photograph by Jim Jackson & Associates No. 2 | |
| 26. | Photograph by Jim Jackson & Associates No. 3 | |
| 27. | Photograph by Jim Jackson & Associates No. 4 | |
| 28. | Photograph by Jim Jackson & Associates No. 5 | |
| 29. | Photograph by Jim Jackson & Associates No. 6 | |
| 30. | Photograph by Jim Jackson & Associates No. 7 | |
| 31. | Photograph by Jim Jackson & Associates No. 8 | |
| 32. | Photograph by Jim Jackson & Associates No. 9 | |
| 33. | Photograph by Jim Jackson & Associates No. 10 | |
| 34. | Photograph by Jim Jackson & Associates No. 11 | |
| 35 | Photograph by Jim Jackson & Associates No. 12 | |
| 36 | Photograph by Jim Jackson & Associates No. 13 | |
| 37 | Photograph by Jim Jackson & Associates No. 14 | |
| 38 | Photograph by Jim Jackson & Associates No. 15 | |
| 39 | Photograph by Jim Jackson & Associates No. 16 | |
| 40 | Photograph by Jim Jackson & Associates No. 17 | |
| 41 | Photograph by Jim Jackson & Associates No. 18 | |
| 42 | Photograph by Jim Jackson & Associates No. 19 | |
| 43 | Photograph by Jim Jackson & Associates No. 20 | |
| 44 | Photograph by Jim Jackson & Associates No. 21 | |

6

| 45 | Photograph by Jim Jackson & Associates No. 22 | |
| 46 | Photograph by Jim Jackson & Associates No. 23 | |
| 47 | Photograph by Jim Jackson & Associates No. 24 | |
| 48 | Photograph by Jim Jackson & Associates No. 25 | |
| 49 | Photograph by Jim Jackson & Associates No. 26 | |
| 50 | Photograph by Jim Jackson & Associates No. 27 | |
| 51 | Photograph by Jim Jackson & Associates No. 28 | |
| 52 | Photograph by Jim Jackson & Associates No. 29 | |
| 53 | Photograph by Jim Jackson & Associates No. 30 | |
| 54 | Photograph by Jim Jackson & Associates No. 31 | |

Defendant's Exhibit List:

| No. | Exhibit | Plaintiff's Objection(s) |
| --- | --- | --- |
| 1. | Google Satellite Image of U.S. 70 in Choctaw County near Soper, Oklahoma (undated) | |
| 2. | Google Satellite Image of U.S. 70 intersection with County Road 4080 in Choctaw County (undated) | |
| 3. | Video depicting vehicle travel west on U.S. 70 near Muddy Boggy Creek Bridge through intersection of County Road 4080 (taken by Stratton, Moore & Painter, Inc. in January 2016) | |
| 4. | Photo of Intersection of U.S. 70 and County Road 4080 looking south (taken by Stratton, Moore & Painter, Inc. in January 2016) | |
| 5. | Photo of dead end sign located on County Road 4080 south of intersection with U.S. 70 (taken by Stratton, Moore & Painter, Inc. in January 2016) | |
| 6. | Photo of dead end sign located on County Road 4080 south of intersection with U.S. 70 (taken by Stratton, Moore & Painter, Inc. in January 2016) | |
| 7. | Photograph of Choctaw Nation Police Vehicle (undated) | |
| 8. | Oklahoma Workers' Compensation Court Order Awarding Death Benefits filed on | Irrelevant, FRE 401-402; Unfair prejudice and confusion of issues, |

| | October 16, 2012, Case No. 2012-08577K | FRE 403 |
|---|---|---|
| 9. | Oklahoma Workers' Compensation Court Order Nunc Pro Tunc filed on October 26, 2012, Case No. 2012-08577K | Irrelevant, FRE 401-402; Unfair prejudice and confusion of issues, FRE 403 |
| 10. | Oklahoma Workers' Compensation Court Order Terminating Surviving Spouse Benefits and Modifying Dependent Children Benefits filed on September 10, 2014, Case No. 2012-08577K | Irrelevant, FRE 401-402; Unfair prejudice and Confusion of issues, FRE 403 |
| 11. | Bank Records for Charity Account Established for the Benefit of Brian Hayden | Irrelevant, FRE 401-402; Unfair prejudice and confusion of issues, FRE 403 |
| 12. | Bank Records of Tabitha Hayden showing Life Insurance proceeds deposit | Irrelevant, FRE 401-402; Unfair prejudice and confusion of issues, FRE 403 |

Joint Exhibit List:

| No. | Exhibit |
|---|---|
| 1. | Oklahoma Highway Patrol Official Traffic Collision Report |
| 2. | Oklahoma Highway Patrol Trooper Darrell Wofford's Uniform Report dated July 9, 2012 |
| 3. | Oklahoma Highway Patrol Trooper Darrell Wofford's Uniform Report dated August 19, 2012 |
| 4. | OHP Collision Scene Diagram |
| 5. | CLEET Records of Josiah Moore |
| 6. | CLEET Records of Brian Hayden |
| 7. | Verizon Mobile Phone Records of Josiah Moore |
| 8. | U.S. Cellular Mobile Phone Records of Brian Hayden |
| 9. | Choctaw County Communications Center Audio File 203021da |
| 10. | Choctaw County Communications Center Audio File 204113da |
| 11. | Choctaw County Communications Center Audio File 204238da |
| 12. | Choctaw County Communications Center Audio File 204258da |
| 13. | Choctaw County Communications Center Audio File 204325da |
| 14. | Choctaw County Communications Center Audio File 205538da |
| 15. | Choctaw County Communications Center Audio File 205607da |
| 16. | Choctaw County Communications Center Audio File 205629da |
| 17. | Choctaw County Communications Center Audio File 205743da |
| 18. | Choctaw County Communications Center Audio File 210251da |
| 19. | Choctaw County Communications Center Audio File 210457da |
| 20. | Choctaw County Communications Center Audio File 210505da |
| 21. | Choctaw County Communications Center Audio File 210919da |
| 22. | Choctaw County Communications Center Audio File 211131da |
| 23. | Choctaw County Communications Center Audio File 211237da |
| 24. | Choctaw County Communications Center Audio File 211329da |
| 25. | Choctaw County Communications Center Audio File 211443da |
| 26. | OHP Scene Photograph 002 |
| 27. | OHP Scene Photograph 003 |
| 28. | OHP Scene Photograph 004 |

| 29. | OHP Scene Photograph 005 |
| 30. | OHP Scene Photograph 006 |
| 31. | OHP Scene Photograph 007 |
| 32. | OHP Scene Photograph 008 |
| 33. | OHP Scene Photograph 009 |
| 34. | OHP Scene Photograph 010 |
| 35. | OHP Scene Photograph 011 |
| 36. | OHP Scene Photograph 012 |
| 37. | OHP Scene Photograph 013 |
| 38. | OHP Scene Photograph 014 |
| 39. | OHP Scene Photograph 015 |
| 40. | OHP Scene Photograph 016 |
| 41. | OHP Scene Photograph 017 |
| 42. | OHP Scene Photograph 018 |
| 43. | OHP Scene Photograph 019 |
| 44. | OHP Scene Photograph 020 |
| 45. | OHP Scene Photograph 021 |
| 46. | OHP Scene Photograph 022 |
| 47. | OHP Scene Photograph 023 |
| 48. | OHP Scene Photograph 024 |
| 49. | OHP Scene Photograph 025 |
| 50. | OHP Scene Photograph 026 |
| 51. | OHP Scene Photograph 027 |
| 52. | OHP Scene Photograph 028 |
| 53. | OHP Scene Photograph 029 |
| 54. | OHP Scene Photograph 030 |
| 55. | OHP Scene Photograph 031 |
| 56. | OHP Scene Photograph 032 |
| 57. | OHP Scene Photograph 033 |
| 58. | OHP Scene Photograph 034 |
| 59. | OHP Scene Photograph 035 |
| 60. | OHP Scene Photograph 036 |
| 61. | OHP Scene Photograph 037 |
| 62. | OHP Scene Photograph 038 |
| 63. | OHP Scene Photograph 039 |
| 64. | OHP Scene Photograph 040 |
| 65. | OHP Scene Photograph 041 |
| 66. | OHP Scene Photograph 042 |
| 67. | OHP Scene Photograph 043 |
| 68. | OHP Scene Photograph 044 |
| 69. | OHP Scene Photograph 045 |
| 70. | OHP Scene Photograph 046 |
| 71. | OHP Scene Photograph 047 |
| 72. | OHP Scene Photograph 048 |
| 73. | OHP Scene Photograph 049 |
| 74. | OHP Scene Photograph 050 |
| 75. | OHP Scene Photograph 051 |
| 76. | OHP Scene Photograph 052 |
| 77. | OHP Scene Photograph 053 |

| 78. | OHP Scene Photograph 054 |
|---|---|
| 79. | OHP Scene Photograph 055 |
| 80. | OHP Scene Photograph 056 |
| 81. | OHP Scene Photograph 057 |
| 82. | OHP Scene Photograph 058 |
| 83. | OHP Scene Photograph 059 |
| 84. | OHP Scene Photograph 060 |
| 85. | OHP Scene Photograph 063 |
| 86. | OHP Scene Photograph 064 |
| 87. | OHP Scene Photograph 065 |
| 88. | OHP Scene Photograph 066 |
| 89. | OHP Scene Photograph 067 |
| 90. | OHP Scene Photograph 068 |
| 91. | OHP Scene Photograph 069 |
| 92. | OHP Scene Photograph 070 |
| 93. | OHP Scene Photograph 072 |
| 94. | OHP Scene Photograph 073 |
| 95. | OHP Scene Photograph 074 |
| 96. | OHP Scene Photograph 075 |
| 97. | OHP Scene Photograph 076 |
| 98. | OHP Scene Photograph 078 |
| 99. | OHP Scene Photograph 079 |
| 100. | OHP Scene Photograph 080 |
| 101. | OHP Scene Photograph 081 |
| 102. | OHP Scene Photograph 082 |
| 103. | OHP Scene Photograph 083 |
| 104. | OHP Scene Photograph 084 |
| 105. | OHP Scene Photograph 085 |
| 106. | OHP Scene Photograph 086 |
| 107. | OHP Scene Photograph 087 |
| 108. | OHP Scene Photograph 088 |
| 109. | OHP Scene Photograph 089 |
| 110. | OHP Scene Photograph 090 |
| 111. | OHP Scene Photograph 091 |
| 112. | OHP Scene Photograph 092 |
| 113. | OHP Scene Photograph 093 |
| 114. | OHP Scene Photograph 094 |
| 115. | OHP Scene Photograph 095 |
| 116. | OHP Scene Photograph 096 |
| 117. | OHP Scene Photograph 097 |
| 118. | OHP Scene Photograph 165 |
| 119. | OHP Scene Photograph 166 |
| 120. | OHP Scene Photograph 167 |
| 121. | OHP Scene Photograph 168 |
| 122. | OHP Scene Photograph 169 |
| 123. | OHP Scene Photograph 170 |
| 124. | OHP Scene Photograph 171 |
| 125. | OHP Scene Photograph 172 |
| 126. | OHP Scene Photograph 173 |

| 127. | OHP Scene Photograph 174 |
|------|--------------------------|
| 128. | OHP Scene Photograph 175 |
| 129. | OHP Scene Photograph 176 |
| 130. | OHP Scene Photograph 177 |
| 131. | OHP Scene Photograph 178 |
| 132. | OHP Scene Photograph 179 |
| 133. | OHP Scene Photograph 180 |
| 134. | OHP Scene Photograph 181 |
| 135. | OHP Scene Photograph 182 |
| 136. | OHP Scene Photograph 183 |
| 137. | OHP Scene Photograph 184 |
| 138. | OHP Scene Photograph 185 |
| 139. | OHP Scene Photograph 186 |
| 140. | OHP Scene Photograph 187 |
| 141. | OHP Scene Photograph 188 |
| 142. | OHP Scene Photograph 189 |
| 143. | OHP Scene Photograph 190 |
| 144. | OHP Scene Photograph 191 |
| 145. | OHP Scene Photograph 192 |
| 146. | OHP Scene Photograph 193 |
| 147. | OHP Scene Photograph 194 |
| 148. | OHP Scene Photograph 195 |

**Exhibits shall be specifically identified as follows: (1) all records, including medical records, shall be identified, including the name of the provider and date(s) of service; (2) manuals and handbooks shall be listed by title and individual section(s) to be used at trial shall be designated and identified by page number(s); (3) drawings, maps, diagrams, studies and charts shall be identified by date and author of said document and exchanged prior to the pretrial conference; and (4) any videos, including video depositions, shall be identified by date and subject of video and shall designate if audio is contained in video. Any objections contained in the video deposition, or to the audio portion of a video, shall be identified in the pretrial order and a transcript provided to the court at the pretrial conference sufficient for the court to rule on said objections prior to trial. If the objection is to the introduction of the entire video, the party seeking exclusion shall provide said video to the court at the pretrial conference.**

**Exhibit list shall not include: (1)items, or documents intended to be used solely for impeachment or rebuttal purposes; (2) Expert curriculum vitae or expert reports; (3) depositions; (4) demonstrative aids**

Each exhibit list should be broken down into two columns.  On the left side, each exhibit should be listed separately (no subheadings) in the sequence proposed to be offered, with a description of each sufficient for identification.  Do not refer the court to the pleadings.  The column on the right should state the corresponding objection to

11

each exhibit, if any.  The objection must also contain the applicable Federal Rule upon which it is based.  **<u>All exhibits and documents to be introduced at trial shall have been furnished to opposing counsel prior to the pretrial conference</u>**. **<u>There shall be no objections contained in the pretrial order indicating the exhibits have not been exchanged.</u>** Without appropriate notice and disclosure, and immediate written application to the court for permission to supplement, proffered late exhibits will not be ordered listed or admitted, except to avoid manifest injustice.

IX.     The following witnesses will be called:

Plaintiff's Witness List:

| Tabitha Hayden | Facts and circumstances surrounding life and death of Brian Hayden and the impact his death has had on her |
|---|---|
| Rebecca Hayden | Ex-wife and mother or Hayden's children. Will testify regarding the impact of Hayden's death on his children |
| Holly Hayden | Hayden's daughter. Will testify regarding the impact of her father's death |
| James Hayden | Hayden's son. Will testify regarding the impact of his father's death |
| Jessica Vance | Hayden's daughter. Will testify regarding the impact of her father's death |
| Jody King | Facts and circumstances surrounding Hayden's death, his employment with the Sheriff's department, and the "call" to which he summoned assistance |
| Jim G. Jackson | Plaintiff's accident reconstructionist/law enforcement specialist. Will testify as to his investigation of the collision from the standpoint of reconstruction and police policy and procedure. |
| Will Clark, Ph.D. | Plaintiff's economist. Will testify as to the economic impact of the loss of Mr. Hayden to his wife and family. |

Defendant's Witness List:

| Josiah Moore | Will testify to his law enforcement training and experience, his emergency response to the "shots fired" call, and the facts and circumstances surrounding the April 19, 2012 collision. |
|---|---|

| | |
|---|---|
| Tabitha Hayden | Will testify to her actions prior to and following the April 19, 2012 collision, including issues related to grief and loss of consortium damages. |
| OHP Trooper Darrell Wofford | Will testify regarding investigation of the April 19, 2012 collision. |
| Billy Jenkins | Will testify to communications with or between Josiah Moore and Benny Irvin prior to the April 19, 2012 collision. |
| Melissa Thomas (now Ridenour) | Will testify regarding her interactions with and observations of Plaintiff following the April 19, 2012 collision and death of Brian Hayden, including issues related to Plaintiff's loss of consortium claim. |
| Choctaw County Sheriff Terry Park | Will testify to the employment of Brian Hayden with the Choctaw County Sheriff's Department and actions of Brian Hayden prior to the April 19, 2012 collision, including issues related to Plaintiff's loss of consortium claim. |
| Choctaw County Deputy Jody King, | Will testify regarding his response to the "shots fired" call on April 19, 2012 and interactions with Brian Hayden. |
| John Hobbs | Will testify regarding the employment of Josiah Moore as a tribal police office for the Choctaw Nation. |
| Robert Painter | Defendant's Expert will provide testimony regarding the facts and factors of the April 19, 2012 collision as an accident reconstruction and law enforcement expert. |

(Here list specifically all witnesses that will be called by the parties, including opponent's witnesses you intend to call. Include a concise paragraph summarizing the nature of their testimony.  Testimony on other subjects will not be allowed.  Do not refer the court to the pleadings, to depositions previously taken, or to witnesses listed by opposing counsel.) **WITNESSES NOT SO LISTED WILL NOT BE ALLOWED TO BE CALLED TO TESTIFY, EXCEPT BY ORDER OF THE COURT AND IN THE INTEREST OF JUSTICE.**

X.      **ALL** discovery shall be completed by March 4, 2016.

XI.     Indicate all pending motions and the corresponding dates of filing.

1)  Plaintiff's Motion to Exclude Evidence of Collateral Source Payments and Remarriage and Brief in Support [Dkt. #59] filed April 21, 2016.
   a.  Defendant's Response filed April 27, 2016 [Dkt. #64] adopting and incorporating arguments contained in Defendant's Supplemental Trial Brief [Dkt. #60].

2)  Plaintiff's Motion to Allow Trial of the Issue of the Choctaw Nation's Failure to

Train Officer Moore and Brief in Support [Dkt. #61] filed April 21, 2016.
      a. Defendant's Response filed April 27, 2016 [Dkt. #65] adopting and incorporating arguments contained in Defendant's Supplemental Trial Brief [Dkt. #60].

XII.      The parties agree the following issues of law, and no others, remain to be litigated upon the trial: (Here set forth a concise statement of each. Disregard the effects of any pending motions.) Parties may not submit separate issues of law. **Identify any pending motions which encompass and correspond to an issue of law.**

**Issues of Law:**

(1) Whether Josiah Moore driving 100 to 110 miles per hour in response to the call for assistance was negligent under the circumstances of a non-emergency.

(2) Whether Josiah Moore's actions were the proximate cause of the collision that resulted in Brian Hayden's death. (Defendant United States' Motion for Summary Judgment)

(3) Whether Josiah Moore's failure to use his radio to communicate with Hayden before passing was negligent.

(4) Whether Josiah Moore's failure to swerve right as Hayden turned left, rather than swerving left into Hayden's vehicle, was negligent.

(5) Whether Brian Hayden's failure to yield the right of way to Josiah Moore was negligent.

(6) Whether Choctaw County Emergency Dispatcher Francis "Benny" Irvin negligently contributed to the collision.

(7) Whether the standard of care required of Josiah Moore at the time of the collision was "reckless disregard for the safety of others" established by 47 O.S. § 11-106 and *State ex rel. Oklahoma Dept. of Public Safety v. Gurich*, 238 P.3d 1, 7-8 (Okla. 2010).

XIII.      The possibility of settlement of this case has been explored with the following results: Settlement Conference with Magistrate West was held on January 19, 2016 and the parties were unable to reach a settlement.

XIV.      The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues of fact and law remaining to be litigated, <u>this order shall supersede the pleadings and govern the course of the trial of this cause</u>, unless modified to prevent manifest injustice. Rule 16, <u>Federal Rules of Civil Procedure</u>.

Dated this 26th day of May, 2016.

James H. Payne
United States District Judge
Eastern District of Oklahoma

**Approved as to form and content:**

/s/Rex Travis
Rex Travis, OBA #9081
Paul Kouri, OBA #20751
Justin Cliburn, OBA #32223
Jacob Masters, OBA #32456
PO Box 1336
Oklahoma City, Oklahoma 73101
rextravis@travislawoffice.com
*Attorney for Plaintiff*

/s/Susan S. Brandon
Susan S. Brandon, OBA #12501
Michael J. Cooper, OBA #22531
Assistant United States Attorneys
520 Denison Avenue
Muskogee, Oklahoma 74401
*Attorneys for Defendant*